**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUL 25 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 24-7152 |
| Plaintiff - Appellee, | D.C. No. 3:19-cr-00026-WHA-1 |
| v. | |
| DAVID JAH, AKA David Jah Sr., AKA David Jaa, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Northern District of California
William Alsup, District Judge, Presiding

Submitted July 15, 2025[**]

Before:    SILVERMAN, TALLMAN, and BUMATAY, Circuit Judges.

David Jah appeals pro se from the district court's order denying his motion

for a sentence reduction under 18 U.S.C § 3582(c)(2). We have jurisdiction under

28 U.S.C. § 1291, and we affirm.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

The district court agreed with Jah that he was eligible for a sentence reduction under Amendment 821 to the United States Sentencing Guidelines. It determined, however, that the 18 U.S.C. § 3553(a) factors did not support a reduction. *See Dillon v. United State*s, 560 U.S. 817, 826-27 (2010) (describing the two-step process for analyzing § 3582(c)(2) motions). Jah suggests that, because he was eligible for relief, the court was required to grant a reduction. He also argues that the court applied the incorrect law and that the § 3553(a) factors, including his rehabilitation and the need to avoid unwarranted sentencing disparities, warranted relief.

Jah's claims are unavailing. The decision whether to grant relief to an eligible defendant is within the district court's discretion. *See Dillon*, 560 U.S. at 827; *United States v. Wilson*, 8 F.4th 970, 975 (9th Cir. 2021). The district court did not abuse that discretion here. It applied the correct law, considered Jah's mitigating arguments, and reasonably determined that Jah's existing 216-month sentence remained "the minimum sentence necessary to effectuate the sentencing goals set out by Congress," including the need to protect the public.

Jah's contention that the district judge was biased against him is unsupported by the record, *see Liteky v. United States*, 510 U.S. 540, 555-56 (1994), and Jah's remaining claims are beyond the scope of this § 3582(c)(2) motion, *see Dillon*, 560 U.S. at 831.

24-7152

Jah's requests for judicial notice are denied because most of the documents Jah references can be considered without taking judicial notice. All other pending motions are denied as moot.

**AFFIRMED.**

24-7152